449 P.2d 4

Wesley BOLIN, in his capacity as Secretary of State of the State of Arizona, Petitioner,

v.

SUPERIOR COURT of Arizona, IN AND FOR the COUNTY OF MARICOPA; the Honorable Roger G. Strand; John L. McClellan and Virginia McClellan, his wife, Respondents.

No. 9399.

Supreme Court of Arizona.

In Banc.

Jan. 3, 1969.

---◆---

Gary K. Nelson, Atty. Gen., by Phillip Weeks, Special Counsel to Atty. Gen., and John M. McGowan, Special Asst. Atty. Gen., for petitioner.

Jennings, Strouss, Salmon & Trask, by Clarence J. Duncan, Rex E. Lee, Jon L. Kyl, Phoenix, for respondents.

E. D. McBRYDE, Superior Court Judge.

This is an original proceeding in which this Court accepted jurisdiction to decide the question presented in the petition filed by Wesley Bolin in his capacity as Secretary of State of the State of Arizona, in which he seeks a Writ of Prohibition against the Superior Court of Arizona, in and for the County of Maricopa, to prohibit The Honorable Roger G. Strand from proceeding further in the pending matter in the Maricopa County Superior Court in which John L. McClellan and Virginia McClellan, his wife, are plaintiffs, and Mr. Bolin is the defendant, without first joining necessary and proper parties to the action, to-wit: the Democratic Party of the State of Arizona.

On or about August 6, 1968, the real parties in interest, John L. McClellan and Virginia McClellan, his wife, instituted an action in the Superior Court of the State of Arizona, in and for the County of Maricopa, Cause No. C–214546, against petitioner, in his capacity as Secretary of State of the State of Arizona; Rhea Woodall, in her capacity as Clerk of the Board of Supervisors, Maricopa County, State of Arizona; Elsa B. Hanna, in her capacity as Clerk of the Board of Supervisors of Pima County, State of Arizona; the Board of Supervisors of Maricopa County, Arizona; the Board of Supervisors of Pima County, Arizona; and John Doe One through John Doe Ten, defendants. That all of said parties were served except John Doe One through John Doe Ten.

On or about August 16, 1968, petitioner, as Secretary of State, filed a separate answer to said complaint alleging in Paragraph VI thereof that plaintiffs had failed to join indispensable parties under Rule 19.

On or about August 19, 1968, plaintiffs, on their own motion, dismissed with prejudice all defendants with the exception of petitioner, Wesley Bolin, in his capacity as Secretary of State of the State of Arizona.

Petitioner has asserted in his pretrial memorandum that the only position petitioner takes in connection with the complaint filed by real parties in interest is that he is required only to show that the petitions in question were valid and regular on their face and were properly received and filed by him as Secretary of State, and contained the sufficient number of signatures. Petitioner maintains, and will maintain the position in the said lawsuit filed by real parties in interest, that he must remain neutral on the issue as to whether or not the petitions were actually signed by the necessary qualified electors.

On August 21, 1968, petitioner filed a motion directed to The Honorable Roger G. Strand, Judge of the Superior Court of the State of Arizona, County of Maricopa, requesting that he enter his order in the subject lawsuit, directing that the Democratic Party of the State of Arizona be made a party to said lawsuit, upon the grounds that the Democratic Party was the applicant who obtained the petitions in question and circulated said petitions, and, therefore, is a necessary party to the said Cause No. C–214546.

The Honorable Roger G. Strand granted the motion of petitioner, and then after further argument, upon motion for reconsideration by real parties in interest, The Honorable Roger G. Strand vacated his prior order granting the motion of petitioner, and entered an order denying petitioner's motion to add the Democratic Party as a necessary party.

It is petitioner's position as the Secretary of State that the Democratic Party is a necessary party to the action brought by respondents. The respondents seek to prevent the referendum concerning the proposed increase of the Board of Supervisors in Maricopa and Pima Counties from three to five members from being placed on the ballot. It is their contention that the petitions which were filed with the Secretary of State are invalid upon a number of grounds including alleged forgeries, alleged improper circulation and alleged non-qualified signatures. While it has been the practice in this State that initiative and referendum actions have been brought against the Secretary of State, and not against the proponents of a measure (Iman v. Bolin, 98 Ariz. 358, 404 P.2d 705; Adams v. Bolin, 74 Ariz. 269, 247 P.2d 617, 33 A.L.R.2d 1102; Whitman v. Moore, 59 Ariz. 211, 125 P.2d 445.), the facts in the instant case are different from those in previous cases.

It appears that should the allegations of the respondents be proven true, The Attorney General of the State of Arizona, counsel for the Secretary of State, may be placed in the anomalous position of first defending the validity of the petitions, and later be placed in a position where he is required to prosecute or join in the prosecution of those circulating them.

16 Arizona Revised Statutes, Rules of Civil Procedure, Rule 19(a) provides as follows:

"19(a) Persons to be joined if feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action."

The applicant who filed intentions to circulate a referendum petition and made application for issuance of an official serial number to be printed on each signature sheet of such petition was purportedly the Democratic Party of the State of Arizona, said application being signed by Mr. Richard Duffield as Chairman of the State Democratic Party.

Without deciding the interesting legal question of whether the Democratic Party of Arizona is "a person who is subject to service of process" under Rule 19(a), Arizona Rules of Civil Procedure, this Court, by minute entry on September 3, 1968, in order to insure a true adversary, ordered:

"* * * that Richard Duffield and such parties as the trial court may find authorized and indicated their intent to join, and did join in the application for petitions and an official serial number, be made parties to this action;

\* \* \* \* \* \*

"Written decision to follow."

While in other cases in the past it was not necessary to join the proponents of measures, the particular facts of this case

so warrant, and form the basis of the above order. No further action is required, as the order has already been issued.

McFARLAND, C. J., UDALL, V. C. J., and BERNSTEIN and LOCKWOOD, JJ., concur.

NOTE: Justice STRUCKMEYER being on vacation at the time of the issuance of the order, The Honorable E. D. Mc-BRYDE, Judge of the Superior Court, was called to sit in his stead and particpate in this decision.